# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LSIMC, LLC, on behalf of itself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Case No. 2:20-cv-11518-SVW-PVC<br><br>**CLASS ACTION**<br><br>**ORDER APPROVING CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT**<br><br>Court:　Courtroom 10A<br>Judge:　Stephen V. Wilson |

Before the Court is Plaintiff's unopposed motion to certify a settlement class, grant final approval of a proposed class action settlement, and enter final judgment in this action (Plaintiff's Motion") (ECF No. 222), the terms of which are set forth in a Joint Stipulation and Settlement Agreement with accompanying exhibits (the "Agreement").[1]

On February 16, 2023, the Court granted preliminary approval of the proposed settlement. (ECF 217 (the "Preliminary Approval Order").). Among other things, the Preliminary Approval Order directed that notice be provided to class members and approved the proposed method for providing notice.

The Court has considered the Agreement, Plaintiff's Motion, and all papers filed in support of the Motion, and the entire docket in this matter. Having fully considered the matter, pursuant to Federal Rule of Civil Procedure 23(e), Plaintiff's Motion is GRANTED as follows:

1. **Class Certification for Settlement Purposes Only**. The Court reaffirms its earlier findings that class certification is appropriate for settlement purposes and hereby certifies the following Settlement Class for purposes of judgment on the proposed Settlement only:

> The current or the most recent owner as of January 13, 2022, of one or more life insurance policies issued by American General Life Insurance Company, or its predecessors, on which American General Life Insurance Company credited interest to the accumulation value, and that provide that any redetermination of interest rates will be based "only on expectations of future investment earnings"and that have a guaranteed minimum annual effective interest rate of 3.00%. Excluded from the Settlement Class are: (a) officers or directors of American General; (b) any judicial officer presiding over the Action and the members of his or her immediate family and judicial staff; and

---

[1] All defined terms have the same meaning as set forth in the Agreement, which is attached to the Declaration of Glenn C. Bridgman as Exhibit 1 (ECF No. 222-2).

  (c) Policyowners who submitted a timely and valid opt out in response to the notice regarding the Court's order granting class certification in part or who submitted a valid and timely Request for Exclusion.

2. **Final Settlement Approval**. The Court fully and finally approves the Settlement as set forth in the Agreement, including the releases contained therein, and the proposed plan of allocation described in Exhibit 3 to the Declaration of Glenn C. Bridgman, because its terms are fair, reasonable, and adequate under Rule 23. The Court makes final its preliminary findings that, for purposes of settlement only, the Settlement satisfies the applicable prerequisites for class treatment under Rule 23.

3. In reaching this conclusion, the Court considered the complexity, expense, and duration of the litigation, the Settlement Class's reaction to the Settlement, and the result achieved. The Agreement was entered into at arm's length by highly experienced counsel with the assistance of former United States District Court Judge Gary A. Feess. The case was thoroughly litigated by experienced counsel and settled on the eve of trial, after the filing of three amended complaints, extensive discovery, class certification briefing and a hearing, expert discovery, and filing and briefing of a motion for summary judgment and challenges to each side's respective experts.

4. The Settlement provides substantial cash payments and/or other benefits to Settlement Class Members, including valuable prospective relief. The Settlement value is well within a range of reasonableness, especially considering the Court's prior certification of a class with respect to the issue of Defendant's liability, only, and determination that Plaintiff could not show that damages are capable of measurement on a class-wide basis. (ECF 113) In addition, no objections to the Settlement or the plan of distribution were received or timely filed.

5. **Filing of Fourth Amended Complaint**. The Fourth Amended Complaint (Dkt. 214-1) is deemed filed as of the date of this Order and Defendant is concurrently deemed to deny all allegations contained in it and to raise all of the

defenses Defendant raised in its Answer to the Third Amended Complaint, without the need for Defendant to file an answer to the Fourth Amended Complaint.

6. **Releases**.  Upon the Effective Date, all of the Releasors shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) as against the Releasees.

7. **Class Notice**.  The Preliminary Approval Order authorized the form, content, and method by which the Class Plaintiff would provide notice to the Class. Proof that Class Notice complied with the Preliminary Approval Order has been filed with the Court.

8. The Court finds that the Settlement Administrator completed the delivery of the Class Notice to Settlement Class Members according to the Agreement terms.  The Class Notice complied in all respects with the requirements of Rule 23 and the due process requirements of the United States Constitution and provided due and adequate notice to the Settlement Class.  Through the mailing of the Class Notice in the form and manner ordered by this Court, the Settlement Class has received the best practicable notice of the pendency of this Action, of the Settlement, of the Fairness Hearing, and of Settlement Class Members' rights and options, including their rights to opt out, to object to the Settlement, and/or to appear at the Fairness Hearing in support of a properly submitted objection, and of the binding effect of the orders and Judgment in this Action on all Settlement Class Members.

9. **Class Action Fairness Act Notice**.  The Court finds that all notices and requirements of the Class Action Fairness Act ("CAFA") have been satisfied.  The Attorney General of the United States and appropriate state officials have received notice of the Agreement in accordance with the terms of CAFA, 28 U.S.C. § 1715(b). No written objection or response to the Settlement was filed by any federal or state official, including any recipient of the foregoing notices.  No federal or state official,

including any recipient of the foregoing notices, appeared or requested to appear at the Fairness Hearing.

10. **Implementation of Settlement**. The Parties are directed to implement the Settlement according to the Agreement terms.

11. **Final Judgment**. In accordance with, and for the reasons stated in this Order, Final Judgment is hereby entered in this action. Pursuant to the Agreement, the Court retains jurisdiction for the limited purpose of addressing any issues that arise in the administration and enforcement of the Agreement.

**IT IS SO ORDERED.**

Dated: June 27, 2023

_____
Hon. Stephen V. Wilson
United States District Judge